**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4209**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERNEST WALKER,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Irene C. Berger, District Judge. (5:01-cr-00140-1)

Submitted:  January 28, 2014      Decided:  February 11, 2014

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellant Counsel, Rhett H. Johnson, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, William B. King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Walker appeals from the thirty-six-month sentence imposed upon revocation of his supervised release. He contends that this sentence was plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).[*] First we consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than undertaken for the reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). If we find the sentence procedurally or substantively unreasonable, we must then decide whether it is "plainly" so. Id. at 657.

Here, the district court correctly calculated and considered the advisory policy statement range, considered the

---

[*] Although Walker requests that we reexamine the "plainly unreasonable" standard in light of decisions from other circuit courts applying a "reasonableness" standard of review, we decline to do so. United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011) (one panel of this court cannot overrule the decision of another panel).

relevant factors, and gave the parties an opportunity to present argument. The sentence was procedurally reasonable. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The court also sufficiently explained its reasons for imposing a sentence within the policy statement range. See Crudup, 461 F.3d at 440.

Walker contends that, in determining the sentence, the district court improperly relied on the need for the sentence imposed to provide just punishment for the offense. Because Walker did not object in the district court to the explanation of his sentence, we review for plain error. United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 732-34 (1993).

The district court's consideration of the need to impose just punishment was in conjunction with its consideration of the factors in 18 U.S.C. § 3583(e) (2012). "Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). Because the district court properly considered the need for punishment in conjunction with the enumerated factors, we find no plain error by the district court. See id. at 642 (concluding that reference to non-

3

enumerated factor does not render revocation sentence procedurally unreasonable when considered in conjunction with enumerated 18 U.S.C. § 3553(a) (2012) factors).

Accordingly, we conclude that the thirty-six-month revocation sentence—which is not greater than the statutory maximum and is within the policy statement range of Chapter 7 of the Guidelines—is not plainly unreasonable. We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED